# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

**LESTER LEE SESSLER,**

    **Plaintiff,**

v.                                                        Case No: 6:16-cv-1796-Orl-28DCI

**HOSEY'S AUTO PARTS & SERVICE, INC., RANDY S. SESSLER, HOSEY B. SESSLER and VERNELL S. SESSLER,**

    **Defendants.**

## REPORT AND RECOMMENDATION

This cause comes before the Court for consideration without oral argument on the following motion:

> **MOTION:**    **JOINT MOTION TO APPROVE FLSA SETTLEMENT AND TO DISMISS WITH PREJUDICE (Doc. 47)**
>
> **FILED:**      **August 9, 2017**
>
> ---
>
> **THEREON** it is **RECOMMENDED** that the motion be **GRANTED**.

## I. BACKGROUND

On November 22, 2016, Plaintiff filed an amended complaint against Defendants alleging causes of action for alleged violations of the overtime and minimum wage provisions of the Fair Labor Standards Act (the FLSA).[1] Doc. 13. On March 24, 2017, Defendants filed their Answer and Defenses to Amended Complaint. Doc. 34.

---

[1] Plaintiff also alleged violations of Florida's Minimum Wage Act and Florida's Deceptive and Unfair Trade Practices Act.. Doc. 13.

On August 9, 2017, the parties filed a joint motion to approve settlement (the Motion), to which the parties attached their proposed settlement agreement (the Agreement).  Docs. 47; 47-1. The Agreement provides that Defendants will pay Plaintiff $3,000.00 to settle Plaintiff's FLSA claims: $1,000.00 in unpaid wages and overtime, $1,000.00 in liquidated damages, and $1,000.00 in attorney fees.  Docs. 47 at 2-4, 47-1 at 2.  The parties request that the Court approve the Agreement and dismiss the case with prejudice.  Doc. 47.

On August 23, 2017, the Court entered an order directing the parties to file a joint notice regarding how Plaintiff's attorney fee was negotiated.  Doc. 48.  That same day, the parties filed a joint notice advising the Court that Plaintiff's attorney fee was negotiated separately and without regard to the amount paid to Plaintiff.  Doc. 49.  The undersigned will consider the Motion together with the parties' notice.

## II. LAW

The settlement of a claim for unpaid minimum or overtime wages under the FLSA may become enforceable by obtaining the Court's approval of the settlement agreement.[2]  *Lynn's Food Stores, Inc. v. U.S. Dep't of Labor*, 679 F.2d 1350, 1352-53 (11th Cir. 1982).  The Court, before giving its approval, must scrutinize the settlement agreement to determine whether it is a fair and reasonable resolution of a bona fide dispute of plaintiff's FLSA claims.  *See id.* at 1353-55.  In doing so, the Court should consider the following nonexclusive factors:

- The existence of collusion behind the settlement.
- The complexity, expense, and likely duration of the litigation.
- The state of the proceedings and the amount of discovery completed.
- The probability of plaintiff's success on the merits.

---

[2] The settlement of a claim for unpaid minimum or overtime wages under the FLSA may also become enforceable by having the Secretary of Labor supervise the payment of unpaid wages. *Lynn's Food Stores, Inc. v. U.S. Dep't of Labor*, 679 F.2d 1350, 1353 (11th Cir. 1982).

- The range of possible recovery.
- The opinions of counsel.

*See Leverso v. SouthTrust Bank of Ala., Nat'l Assoc.*, 18 F.3d 1527, 1531 n.6 (11th Cir. 1994). The Court may approve the settlement if it reflects a reasonable compromise of the FLSA claims that are actually in dispute. *See Lynn's Food Stores*, 679 F.2d at 1354. There is a strong presumption in favor of settlement. *See Cotton v. Hinton*, 559 F.2d 1326, 1331 (5th Cir. 1977).[3]

The Court, in addition to the foregoing factors, must also consider the reasonableness of the attorney fees to be paid pursuant to the settlement agreement "to assure both that counsel is compensated adequately and that no conflict of interest taints the amount the wronged employee recovers under a settlement agreement." *Silva v. Miller*, 307 F. App'x 349, 351-52 (11th Cir. 2009).[4] The parties may demonstrate the reasonableness of the attorney fees by either: 1) demonstrating the reasonableness of the proposed attorney fees using the lodestar method; or 2) representing that the parties agreed to plaintiff's attorney fees separately and without regard to the amount paid to settle plaintiff's FLSA claim. *See Bonetti v. Embarq Mgmt. Co.*, 715 F. Supp. 2d 1222, 1228 (M.D. Fla. 2009).

### III. ANALYSIS

**A. Settlement Amount.**

The parties were represented by experienced counsel in this litigation, which involved disputed issues of liability under the FLSA. Docs. 13; 34; 47. In their Motion, the parties

---

[3] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

[4] In the Eleventh Circuit, unpublished decisions are not binding, but are persuasive authority. *See* 11th Cir. R. 36-2.

represented the following: that they exchanged documents regarding Plaintiff's FLSA claim and Defendants' defenses; that they obtained sufficient information to allow them to analyze the issues and make informed decisions; that the settlement terms and amount were the subject of arms-length negotiations; that the settlement amount was based on information learned through the exchange of Plaintiff's statement of claim, pay records, and time records; that, after having an opportunity to review Defendants' records, Plaintiff learned that he did not work the overtime hours he originally alleged; that the parties reached their settlement agreement through mediation; and that the settlement is reasonable and consistent with the purpose of the FLSA. Doc. 47; *see also* Doc. 45. The parties' also represented in the Agreement that they wish to avoid the expense, distraction, and risk of legal action. Doc. 47-1 at 2.

Based upon the foregoing, the undersigned finds that $3,000.00 is a fair and reasonable settlement amount in this case. Accordingly, it is **RECOMMENDED** that the Court find the amount of the parties' settlement to be fair and reasonable.

### B. The Terms of the Agreement.

Upon review of the Agreement, the undersigned finds that the terms of the Agreement do not affect the overall reasonableness of the settlement. The Agreement does not contain a general release, confidentiality provision, non-disparagement clause, or other potentially problematic contractual provision sometimes found in proposed FLSA settlement agreements. Accordingly, it is **RECOMMENDED** that the Court find that the terms of the Agreement do not affect the reasonableness of the settlement.

### C. Attorney Fees and Costs.

Under the Agreement, Plaintiff's counsel will receive a total of $1,000.00 as attorney fees and costs. Docs. 47 at 4; 47-1 at 2. The parties represented that the attorney fees and costs were

"agreed upon separately and without regard to the amount paid to Plaintiff." Doc. 49. The settlement is reasonable to the extent previously discussed, and the parties' foregoing representation adequately establishes that the issue of attorney fees and costs was agreed upon separately and without regard to the amount paid to Plaintiff. *See Bonetti*, 715 F. Supp. 2d at 1228. Accordingly, pursuant to *Bonetti*, it is **RECOMMENDED** that the Court find the amount of the attorney fees and costs to be fair and reasonable.

## IV. CONCLUSION

Accordingly, it is **RECOMMENDED** that the Motion (Doc. 47) be **GRANTED** as follows:

1. The Agreement (Doc. 47-1) be found to be a fair and reasonable settlement of Plaintiff's FLSA claim;
2. The case be **DISMISSED with prejudice**; and
3. The Clerk be directed to close the case.

## NOTICE TO PARTIES

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R.

3-1. **If the parties have no objection to this Report and Recommendation, they may promptly file a joint notice of no objection in order to expedite the final disposition of this case.**

    Recommended in Orlando, Florida on August 28, 2017.

DANIEL C. IRICK
UNITES STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy